# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LORENZIE HUMPHREYS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: ) _____ |
| **SANTANDER CONSUMER USA, INC.,** | ) ) |
| Defendant. | ) **JURY TRIAL DEMANDED** ) ) ) |

## COMPLAINT

This is a complaint against defendant Santander Consumer USA, Inc. ("Santander" or "defendant"). Lorenzie Humphreys ("Humphreys" or "plaintiff") seeks redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein.

## PARTIES

1. Plaintiff Lorenzie Humphreys is an adult resident citizen of Cook County, Illinois. Mr. Humphreys currently resides in the City of Chicago in Cook County, Illinois.

2. Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Cook County in Illinois during

the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

3. This action is based on the FDCPA, the TCPA, and breach of contract. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C § 1331, and supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

4. Venue is proper under 28 U.S.C. §1391, since a substantial part of the events giving rise to the claims occurred within this judicial district and division and since the defendant is subject to the personal and general jurisdiction of this Court.

5. Plaintiff resides in this district and received collection communications within this district.

6. Santander's wrongful activities were directed to this district. Plaintiff's rights were damaged or impaired in this district.

7. Santander regularly, continuously, and systematically conducts business in the state of Illinois and is an Illinois corporation.

## NATURE OF THE CASE

8. Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by

others, Santander collects the debts in its own name without disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

9. Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

10. Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell numbers without prior authorization.

11. Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

12. Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

13. Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late

fees when payments were not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges unlawful fees in the future, but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

14. The TCPA restricts the use of automated telephone equipment to dial and leave pre-recorded messages on cellular telephones. 47 U.S.C. § 227.

15. Santander violated the TCPA by placing telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone numbers to be called by Santander. Santander willfully and knowingly directed its calls to cell phones. Plaintiff is one of the individuals who Santander called without express permission using automatic telephone dialing systems and artificial and prerecorded voice systems.

## FACTUAL ALLEGATIONS

16. In 2005, Mr. Humphreys purchased a 2005 Mitsubishi Outlander ("the vehicle") from Webb Chevrolet in Chicago, Illinois.

4

17. Mr. Humphreys originally financed the vehicle through an entity other than Santander.

18. In approximately 2010, Mr. Humphreys began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

19. Mr. Humphreys has a cellular telephone with an assigned telephone number ending in 5157.

20. Beginning in 2010, Santander telephoned the 5157 cellular number more than 100 times using an automated telephone dialing system and left numerous pre-recorded messages in Mr. Humphreys' voice mailbox.

21. Mr. Humphreys began receiving these telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

22. Santander's calls to Mr. Humphreys were initiated by an autodialer or a predictive dialer.

23. An autodialer or predictive dialer places calls without human intervention until a person answers the call, in which case the dialer attempts to connect the person answering the call with a human debt collector.

24. Mr. Humphreys did not authorize the automated placement of calls to his cellular telephone.

25. Mr. Humphreys told Santander to stop calling his cell phone; however, Santander persisted in calling Mr. Humphreys' cellular phone.

26. Since that time, Mr. Humphreys received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt on his cell phone and on his home phone number. Santander called these lines multiple times per day.

27. When he spoke with a live person, Santander repeatedly misled and deceived Mr. Humphreys as to the actual balance owed on the vehicle note.

28. Santander attempted to coerce and embarrass Mr. Humphreys into making additional payments by repeatedly calling Mr. Humphreys an excessive number of times with the intent to harass.

29. Santander's agents have repeatedly threatened Mr. Humphreys in an attempt to collect upon the alleged debt.

30. Santander's agents have attempted to belittle, abuse, and oppress Mr. Humphreys in their attempts to collect upon the alleged debt.

31. Santander's agents have left numerous messages on Mr. Humphreys' cellular and home voicemail services failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt and using automated or predictive dialers.

32. In short, Mr. Humphreys has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA.

33. Santander furthermore repeatedly misrepresented the loan balance and imposed fees not authorized by the contract.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments in this complaint as if fully set forth herein.

35. Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

36. Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

37. Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

38. Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

39. Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

7

40. Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiff (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

41. Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

42. As a proximate result of Santander's actions, plaintiff was caused to suffer harm.

43. Plaintiff is entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs, attorneys' fees and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff re-alleges and incorporates the preceding paragraphs of this complaint as if fully set forth herein.

45. Santander violated the TCPA by the calls it made to plaintiff. The violations include the use of automatic telephone dialing systems and artificial and

prerecorded voice messages directed to plaintiff's cell number without plaintiff's prior express permission.

46. Santander's actions were done willfully or knowingly.

47. Plaintiff is entitled to an award of statutory damages for Santander's violations of the TCPA.

48. Each call is a separate violation and entitles plaintiff to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiff requests that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## THIRD CLAIM FOR RELIEF
## BREACH OF CONTRACT

49. Plaintiff re-alleges and incorporates the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

50. Defendant had a contract with plaintiff or was acting as an agent on behalf of an undisclosed principal. Santander in either event is liable for the breach.

51. Defendant breached the contract with plaintiff by imposing unauthorized fees, including but not limited to late fees, which were not due, and repossession fees not authorized by the contract.

52. As a consequence of defendant's breach of contract, plaintiff suffered damages.

Wherefore, premises considered, plaintiff demands judgment against Santander for actual and compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, plaintiff seeks the following relief:

a) Statutory damages of One Thousand Dollars ($1,000.00) from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

b) Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call for Santander's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) or in the alternative at least Five Hundred Dollars ($500.00) per call;

  c)  Costs and reasonable attorneys' fees from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

  d)  Appropriate injunctive relief requiring Santander to stop violating the FDCPA and the TCPA;

  e)  Actual and compensatory damages;

  f)  Costs;

  g)  Interest;

  h)  Attorneys' fees; and

  i)  Such further and different relief as the Court may deem appropriate or as plaintiff is entitled to under the law.

## JURY DEMAND

Plaintiff demands trial by struck jury of all issues.


            /s/ S. Jerome Levy_____
            S. Jerome Levy
            One of the Attorneys for Plaintiff

**OF COUNSEL:**
S. Jerome Levy
Karin A. Olson
S. Jerome Levy & Associates, P.C.
One East Wacker Drive, Suite 2500
Chicago, Illinois 60601
Telephone: 312.832.1616
Facsimile: 312.832.0270
sjlevy@jeromelevylaw.com
kaolson@jeromelevylaw.com

## REQUEST FOR SERVICE BY CERTIFIED MAIL

Please serve defendants by certified mail pursuant to Federal Rules of Civil Procedure 4(e)(1) at the following addresses:

Santander Consumer USA, Inc.
CT Corporation System
350 N. St. Paul St. Ste. 2900
Dallas, TX 75201