`IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENZIE HUMPHREYS, and YVETTE RHEAMES, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO.:<br>) 1:12-cv-04671 |
| v. | )<br>)<br>) JURY TRIAL DEMANDED |
| SANTANDER CONSUMER USA, INC., | )<br>) |
| Defendant. | ) |

## AMENDED NATIONWIDE CLASS ACTION COMPLAINT

This is a nationwide class action complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure against defendant Santander Consumer USA, Inc. ("Santander" or "defendant"). Lorenzie Humphreys ("Humphreys") Yvette Rheames ("Rheames"), on behalf of themselves and all others similarly situated (collectively with Humphreys and Rheames, "plaintiffs"), seek redress for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein.

## PARTIES

1. Plaintiff Lorenzie Humphreys is an adult resident citizen of Cook County, Illinois. Mr. Humphreys currently resides in the City of Chicago in Cook County, Illinois.

2. Plaintiff Yvette Rheames is an adult resident citizen of Cook County, Illinois. Ms. Rheames currently resides in the City of Chicago in Cook County, Illinois.

3. Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Cook County in Illinois during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4. This class action is based on the FDCPA, the TCPA, and breach of contract. Plaintiffs' complaint asserts numerous state and federal claims against defendant. Plaintiffs' state law claims are related to the same collection activity that forms the basis for plaintiffs' FDCPA and TCPA claims. It is therefore evident that plaintiffs' state law claims in this case are so related to claims in the action within this Court's original jurisdiction that they form part of the same case or controversy and, thus, fall squarely within this Court's supplemental jurisdiction. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331, and

supplemental jurisdiction exists pursuant to 28 U.S.C. §1367. This Court, additionally, should exercise supplemental jurisdiction over plaintiffs' state law claims in order to avoid an unnecessary duplication of judicial resources.

5. Venue is proper under 28 U.S.C. §1391, since a substantial part of the events giving rise to the claims occurred within this judicial district and division and since the defendant is subject to the personal and general jurisdiction of this Court.

6. Defendant's wrongful activities were directed to this jurisdiction. Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

7. Santander regularly, continuously, and systematically conducts business in the state of Illinois and is an Illinois corporation.

## NATURE OF THE CASE

8. Santander is one of the largest subprime automobile servicing companies in the world. As of 2010, its debt collection portfolio was approximately $15 billion. Although the debts it collects are in fact owned by others, Santander collects the debts in its own name without disclosing that it is not the owner of the debt. Therefore, it functions as an undisclosed agent for the true owner.

9. Defendant's routine business practices involve taking over the collection of debts previously collected by others and then: (a) engaging in unlawful harassment and unlawful collection methods, and (b) imposing improper fees never agreed to and not authorized by the contracts they are servicing. It is a very lucrative but unlawful business plan.

10. Santander is so eager to harass, abuse, and annoy its customers that its repeated and continuous calls each day are from multiple Santander telephone numbers. It calls cell numbers without prior authorization.

11. Santander also begins its calls long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

12. Furthermore, it employs the same methods to abuse, annoy, and harass the friends, family and references of the debtors all in an unlawful attempt to intentionally harass, abuse and annoy its customers and their family and friends.

13. Defendant willfully, knowingly, regularly, and routinely charges and collects fees not authorized by the contracts with debtors, including collecting late fees when payments were not late and "repo fees" unrelated to any expense of repossession. Santander's conduct in assessing undue fees is so enthusiastic that upon acquiring accounts to collect it not only charges unlawful fees in the future,

but Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding those fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

14. Defendant's routine business practices also include the use of prerecorded automatic telephone dialing systems and artificial or voice systems willfully and knowingly directed to cell phones without the express prior consent of the person being called. The persons called without express permission using automatic telephone dialing systems, artificial and prerecorded voice systems include not only the debtors but the friends, family and references of the debtors.

15. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF HUMPHREYS**

16. In 2005, Mr. Humphreys purchased a 2005 Mitsubishi Outlander ("the vehicle") from Webb Chevrolet in Chicago, Illinois.

17. Mr. Humphreys originally financed the vehicle through an entity other than Santander.

18. In approximately 2010, Mr. Humphreys began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

5

19. Mr. Humphreys has a cellular telephone with an assigned telephone number ending in 5157.

20. Beginning in 2010, Santander telephoned the 5157 cellular number more than 100 times using an automated telephone dialing system and left numerous pre-recorded messages in Mr. Humphreys' voice mailbox.

21. Mr. Humphreys began receiving these telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

22. Santander's calls to Mr. Humphreys were initiated by an autodialer or a predictive dialer.

23. An autodialer or predictive dialer places calls without human intervention until a person answers the call, in which case the dialer attempts to connect the person answering the call with a human debt collector.

24. Mr. Humphreys did not authorize the automated placement of calls to his cellular telephone.

25. Mr. Humphreys told Santander to stop calling his cell phone; however, Santander persisted in calling Mr. Humphreys' cellular phone.

26. Since that time, Mr. Humphreys received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt on his cell phone and on his home phone number. Santander called these lines multiple times per day.

27. When he spoke with a live person, Santander repeatedly misled and deceived Mr. Humphreys as to the actual balance owed on the vehicle note.

28. Santander attempted to coerce and embarrass Mr. Humphreys into making additional payments by repeatedly calling Mr. Humphreys an excessive number of times with the intent to harass.

29. Santander's agents have repeatedly threatened Mr. Humphreys in an attempt to collect upon the alleged debt.

30. Santander's agents have attempted to belittle, abuse, and oppress Mr. Humphreys in their attempts to collect upon the alleged debt.

31. Santander's agents have left numerous messages on Mr. Humphreys' cellular and home voicemail services failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt and using automated or predictive dialers.

32. In short, Mr. Humphreys has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and TCPA.

33. Santander furthermore repeatedly misrepresented the loan balance and breached its contract with Mr. Humphreys by charging fees not authorized in the contract.

7

## FACTUAL ALLEGATIONS AS TO PLAINTIFF RHEAMES

34. Ms. Rheames was harassed and received numerous phone calls from Santander regarding another person's alleged debt.

35. Ms. Rheames has a cellular telephone with an assigned telephone number ending in 3624.

36. Ms. Rheames told Santander to stop calling her cell phone; however, Santander persisted in calling Ms. Rheames' cellular phone.

37. Beginning in approximately 2011, Santander telephoned the 3624 cellular number several times using an automated telephone dialing system and left numerous pre-recorded messages in Ms. Rheames' voice mailbox.

38. Santander's calls to Ms. Rheames were initiated by an autodialer or a predictive dialer.

39. An autodialer or predictive dialer places calls without human intervention until a person answers the call, in which case the dialer attempts to connect the person answering the call with a human debt collector.

40. Ms. Rheames repeatedly told Santander to stop calling her regarding the other person's alleged debt; however, Santander persisted in contacting Ms. Rheames and left numerous voicemails on her message service.

41. Santander was calling Ms. Rheames' telephone number for the purpose of collecting an alleged debt owed by another person to a lender other than Santander.

42. Santander intended to contact Ms. Rheames regarding another person's alleged debt.

43. Prior to receiving calls from Santander, Ms. Rheames had no contact or communications with Santander, and did not authorize Santander to contact her.

44. Ms. Rheames did not authorize the automated placement of calls to her cellular telephone.

45. Santander's agents have repeatedly threatened Ms. Rheames in an attempt to collect upon the alleged debt.

46. Santander's agents have attempted to belittle, abuse, and oppress Ms. Rheames in their attempts to collect upon the alleged debt.

47. Santander's agents have left numerous messages on Ms. Rheames' cellular voicemail service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt and using automated or predictive dialers.

48. In short, Ms. Rheames has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA and the TCPA.

## **CLASS ACTION ALLEGATIONS**

Plaintiffs seek to represent a nationwide class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The class which plaintiffs seek to represent is composed of and defined as:

>  (1) All persons in the United States who are current or former customers of Santander within the previous six years and all other persons to whom Santander made telephone calls for the collection of debts from its customers, and (2) all persons that were called by Santander using an automatic telephone dialing service and/or an artificial or prerecorded voice where the evidence shows that the person received at least one phone call placed by the automatic telephone dialing service and/or an artificial or prerecorded voice and (i) where there is no evidence of prior express consent to call that person's cellular telephone number by the automatic telephone dialing service and/or an artificial or prerecorded voice for a time period consistent with the statute of limitations for TCPA claims or (ii) where the prior express consent to call was withdrawn prior to the call being placed.

49. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Rule 23(a)(1)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements thereof because:

  a. The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Federal Rule of Civil Procedure 23(a)(1).

  b. Common questions of law and fact exist as to all members of the class, as required by Federal Rule of Civil Procedure 23(a)(2), and

predominate over any questions, which affect only individual members of the class within the meaning of Federal Rule of Civil Procedure 23(a)(2). These common questions of law and fact include, without limitation:

    i. Whether defendant engaged in violations of laws as alleged herein;

    ii. Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

    iii. Whether the defendant had a policy and uniform practice with respect to harassing consumer, family members, friends, and/or references, misleading consumers, and charging and collecting unauthorized fees.

c. The plaintiffs' claims are typical of the claims of the members of the class under Federal Rule of Civil Procedure 23(a)(3). The representative plaintiffs and all members of the class sustained damages arising out of defendant's common course of conduct in violation of the law as complained herein. The losses of each member of the class were caused directly by defendant's wrongful conduct in violation of law as alleged herein.

d. The representative plaintiffs will fairly and adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4). Plaintiffs have no interests, which are adverse to the interests of the class members. Plaintiffs were harassed, mislead, and/or charged unauthorized fees by defendant. Plaintiffs have retained counsel, who have substantial experience and success in the prosecution of class action and consumer litigation.

e. Defendant's scheme affected all class members similarly. Plaintiffs and all members of the class were treated the same. As a result, the issues which affect the plaintiffs and the class members in common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Federal Rule of Civil Procedure 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult

or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments in this complaint as if fully set forth herein.

51. Santander violated 15 U.S.C. §1692b(1) because its agents communicated with persons other than the consumer and failed to provide their identity and state that they are confirming or correcting location information.

52. Santander violated 15 U.S.C. §1692b(2) by telling persons other than the consumer that the consumer owed a debt.

13

53. Santander violated 15 U.S.C. §1692b(3) by repeatedly communicating with persons other than the consumer without reasonable belief that the earlier response was erroneous or incomplete or that such person now has complete or correct information.

54. Santander violated 15 U.S.C. §1692c(a)(3) by contacting plaintiffs and the class at their place of employment after Santander had reason to know the employer prohibited the consumer from receiving such communication.

55. Santander violated 15 U.S.C. §1692c(b) by communication with third parties other than those permitted by that paragraph except as provided in 15 U.S.C. §1692b.

56. Santander used language that was obscene, profane, or had the natural consequence of abusing the consumer in violation of 15 U.S.C. §1692d(1).

57. Santander caused telephones to ring and engaged persons in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d(5).

58. Santander violated 15 U.S.C. §1692d(6) by placing telephone calls without meaningful disclosure of the callers' identity.

59. Santander violated 15 U.S.C. §1692e(2) by falsely representing the amount of debt.

60. Santander violated 15 U.S.C. §1692e(11) by failing to make the required disclosures in the initial written communications from Santander.

61. Santander violated 15 U.S.C. §1692f(1) by collecting money from plaintiffs and the class (interest, fees, charges and expenses) not expressly authorized by the contract or permitted by law.

62. Santander failed to provide the notice required by 15 U.S.C. §1692g(a).

63. As a proximate result of Santander's actions, plaintiffs and the class were caused to suffer harm.

64. Plaintiffs and the class are entitled to an award of statutory damages or actual damages, whichever is higher, plus costs and attorneys' fees for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for statutory or actual damages, whichever is higher, plus costs, attorneys' fees and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

65. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

66. Santander violated the TCPA by the calls made to plaintiffs and the class. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers without plaintiffs' and the class's express permission.

67. Santander's actions were done willfully or knowingly.

68. Plaintiffs and the class are entitled to an award of statutory damages for Santander's violations of the TCPA.

69. Each call is a separate violation and entitles plaintiffs and the class to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiffs and the class request that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiff demands judgment against Santander for statutory or actual damages, whichever is higher, plus costs and such additional relief as the Court may deem appropriate or to which plaintiff and the class may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

70. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

71. Defendant had a contract with plaintiffs and the class or was acting as an agent on behalf of an undisclosed principal. Santander in either event is liable for the breach.

72. Defendant breached the contract with plaintiffs and the class by imposing unauthorized fees, including but not limited to late fees, which were not due, and repossession fees not authorized by the contract.

73. As a consequence of defendant's breach of contract, plaintiffs and the class suffered damages.

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for actual and compensatory damages, plus interest, costs, and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, plaintiffs and the class seek the following relief:

17

a) Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Federal Rule of Civil Procedure 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, and appointing plaintiffs as class representatives;

b) A declaration that Santander's nationwide pattern and practice of conduct as alleged herein constitutes a violation of the FDCPA, the TCPA, and breach of contract with respect to plaintiffs and the class;

c) Statutory damages of One Thousand Dollars ($1,000.00) from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

d) Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call for Santander's willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3) or in the alternative at least Five Hundred Dollars ($500.00) per call;

e) Costs and reasonable attorneys' fees from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

f) Appropriate injunctive relief requiring Santander to stop violating the FDCPA and the TCPA;

g) Actual and compensatory damages;

h) Interest, costs, and attorneys' fees; and

      i)      Such further and different relief as the Court may deem appropriate or as plaintiffs and the class are entitled to under the law.

## **JURY DEMAND**

Plaintiffs demand trial by struck jury of all issues.

                                            /s/ S. Jerome Levy_____
                                            S. Jerome Levy
                                            One of the Attorneys for Plaintiff

S. Jerome Levy
Karin A. Olson
S. Jerome Levy & Associates, P.C.
33 North Dearborn Street, Suite 1617
Chicago, Illinois 60601
Telephone: 312.832.1616
Facsimile: 312.832.0270
sjlevy@jeromelevylaw.com
kaolson@jeromelevylaw.com